IN THE STATE COURT OF CLAYTON COUNTY

STATE OF GEORGIA

*RECEIVED & FILED*
*JAN 1 4 2010*
*Nancy N. [signature]*
*CLERK, STATE COURT*
*CLAYTON COUNTY*

| | |
|---|---|
| CAVALRY PORTFOLIO SERVICES, as Assignee of Cavalry SPV I, LLC, as Assignee of Mitsubishi Motors Credit of America, Inc., <br><br> Plaintiff, <br> v. <br><br> GUY M. HUNTER and JOSEPH KEHOE, <br><br> Defendants. <br><br> JOSEPH KEHOE, <br><br> Third Party Plaintiff, <br><br> v. <br><br> CAVALRY SPV I, LLC, <br><br> Third Party Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) CIVIL ACTION <br> ) FILE NO. 2009-CV-01992B <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## AMENDED THIRD PARTY COMPLAINT

COMES NOW, Defendant and Third Party Plaintiff Joseph Kehoe ("Plaintiff Kehoe"), pursuant to O.C.G.A. § 9-11-14 files this Third Party Complaint against Cavalry SPV I, LLC ("Defendant Cavalry"), showing the Court as follows. Pursuant to O.C.G.A. § 9-11-14(c) a true and correct copy of the Complaint and Plaintiff Kehoe's Answer and Counterclaim are attached as Exhibits A and B.

### JURISDICTION AND VENUE

1.

Defendant Cavalry is a joint tort-feasor with Plaintiff Cavalry Portfolio Services, LLC pursuant to O.C.G.A. § 9-10-31 and is subject to the jurisdiction and venue of this Honorable Court.

2.

In the alternative, Defendant Cavalry is subject to the personal jurisdiction of this Honorable Court pursuant to O.C.G.A. § 9-10-91 as Defendant Cavalry transacted business within the State of Georgia and committed a tortious act within this State.

3.

Defendant Cavalry may be served with process through their registered agent, CT Corporation System, 111 Eighth Avenue, New York, New York 10011.

## COUNT I
## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICE ACT

4.

Defendant Cavalry, through Plaintiff Cavalry Portfolio Services, LLC, alleges that it was assigned a loan as a successor-in-interest to Mitsubishi Motors Credit of America, Inc. with whom Defendant Guy Hunter had obtained a loan to finance the purchase of a car. The original loan was signed by Defendant Hunter on or around June 15, 2002.

5.

Upon information and belief, Defendant Guy Hunter defaulted on that loan sometime in 2003.

6.

Upon information and belief, after Defendant Hunter defaulted on the loan, the loan was transferred to Defendant Cavalry for collection.

7.

At the time he executed the loan, Defendant Hunter was an employee of Defendant Kehoe. At the time of the alleged default, Defendant Hunter was no longer employed by Defendant Kehoe.

8.

In 2003, Plaintiff Kehoe's wife began receiving telephone calls from Defendant Cavalry.

9.

Mrs. Kehoe was not the consumer of the alleged debt as defined by 15 U.S.C. § 1692a (3).

10.

Defendant Cavalry made several telephone calls to Mrs. Kehoe, and disclosed the alleged existence of a debt owed to Defendant Cavalry by Plaintiff Kehoe in violation of 15 U.S.C. § 1692b (2) and (3).

11.

Defendant Cavalry's multiple telephone calls to Mrs. Kehoe were abusive, harassing, and threatening in violation of 15 U.S.C. § 1692d (1) and (5).

12.

Plaintiff Kehoe contacted Defendant Cavalry in an effort to stop the harassment and resolve the problem with Defendant Cavalry.

13.

Plaintiff Kehoe offered to assist Defendant Cavalry in locating Defendant Hunter and the automobile that was the subject of the loan, using his own time and resources.

14.

Plaintiff Kehoe informed Defendant Cavalry that he would consider any alleged responsibility or indebtedness Defendant Cavalry was attempting to impute to him through Defendant Hunter's default to be null and void when the automobile was located

and returned to Defendant Cavalry. Plaintiff's agent consented and agreed to accept receipt of the vehicle in full and final satisfaction of any alleged indebtedness of Defendant Kehoe.

15.

Plaintiff Kehoe additionally offered to take over payments on Defendant Hunter's loan if Defendant Cavalry would transfer the title to him when the vehicle was located.

16.

Defendant Cavalry threatened Plaintiff Kehoe with criminal prosecution for auto theft, and threatened to destroy him personally and professionally in violation of 15 U.S.C. § 1692d (1) and 15 U.S.C. § 1692e (5).

17.

In 2003, Plaintiff Kehoe located Defendant Hunter's automobile and returned it to Defendant Cavalry's repossession company.

18.

Plaintiff Kehoe returned the automobile to Defendant Cavalry in good faith, believing that his involvement or any alleged responsibility for the loan was satisfied, based on representations made to him by the Defendant Cavalry.

19.

Defendant Cavalry failed to give Plaintiff Kehoe the notices required by 15 U.S.C. § 1692g (a).

20.

As a result of Defendant Cavalry's numerous violations of 15 U.S.C. § 1692 *et seq.*, Plaintiff Kehoe was injured and suffered damages.

21.

Pursuant to 15 U.S.C. § 1692k (a) Plaintiff Kehoe is entitled to recover damages from Defendant Cavalry, including attorney fees.

## COUNT II
## VIOLATION OF GEORGIA'S FAIR BUSINESS PRACTICES ACT

22.

Plaintiff Kehoe incorporates Paragraphs 1 through 21 as if the same were fully expressed herein.

23.

Georgia's Fair Business Practices Act ("FBPA"), codified at O.C.G.A. § 10-1-391 *et seq.*, governs the conduct of any consumer or trade transactions occurring wholly or in part in the State of Georgia.

24.

At all times relevant hereto, Plaintiff Kehoe was a resident of the State of Georgia.

25.

At all times relevant hereto, the communications between Plaintiff Kehoe and Defendant Cavalry occurred wholly or in part in the State of Georgia.

26.

The collection or attempted collection of a debt is a "consumer transaction" within the meaning of the FBPA.

27.

O.C.G.A. § 10-1-391 (b) provides that the FBPA "be interpreted and construed

consistently with interpretations given by the Federal Trade Commission in federal courts."

28.

Any violation of 15 U.S.C. § 1692 *et seq.* is an unfair or deceptive act or practice in violation of the Federal Trade Commission Act.

29.

Defendant Cavalry's violations of 15 U.S.C. § 1692 *et seq.* constitute violations of the FBPA by operation of law.

30.

As a result of Defendant Cavalry's violations of the FBPA, Plaintiff Kehoe was injured and suffered damages.

31.

Pursuant to O.C.G.A § 10-1-399, Plaintiff Kehoe is entitled to recover three times the actual damages suffered from Defendant Cavalry, as a result of its intentional violations of the FBPA.

## COUNT III
## VIOLATION OF GEORGIA'S
## UNIFORM DECEPTIVE TRADE PRACTICES ACT

32.

Plaintiff Kehoe incorporates Paragraphs 1 through 31 as if the same were fully expressed herein.

33.

Defendant Cavalry violated O.C.G.A § 10-1-372 (3)(a) by misrepresenting its affiliation, connection or association with its actual debt collection agency, misleading

Plaintiff Kehoe to believe that it was a different company. This intentional misrepresentation caused confusion and misunderstanding on the part of Plaintiff Kehoe.

34.

As a result of Defendant Cavalry's willful violation of O.C.G.A § 10-1-372, Plaintiff Kehoe was injured.

35.

Pursuant to O.C.G.A § 10-1-373, Plaintiff Kehoe is entitled to recover his costs and attorney fees, in addition to any other relief granted by this Court.

## COUNT IV
## FRAUD

36.

Plaintiff Kehoe incorporates Paragraphs 1 through 35 as if the same were fully expressed herein.

37.

Defendant Cavalry violated O.C.G.A § 23-2-52 by willfully misrepresenting to Plaintiff Kehoe that the repossession of Defendant Hunter's vehicle by Defendant Cavalry would clear any and all alleged debts and obligations Plaintiff Kehoe may have had to Defendant Cavalry. Such willful misrepresentation of a material fact by Defendant Cavalry caused Plaintiff Kehoe to rely and act upon that misrepresentation to his detriment.

38.

Defendant Cavalry's willful violation of O.C.G.A § 23-2-52 constitutes legal fraud.

39.

Plaintiff Kehoe was injured by Defendant Cavalry's fraudulent misrepresentation.

40.

Pursuant to O.C.G.A § 23-3-2, Plaintiff Kehoe is entitled to any and all equitable relief for his injuries.

41.

Pursuant to O.C.G.A § 23-3-3, Plaintiff Kehoe is entitled to any and all extraordinary remedies available from this Honorable Court.

## COUNT V
## FRAUD AND DECEIT

42.

Plaintiff Kehoe incorporates Paragraphs 1 through 41 as if the same were fully expressed herein.

43.

Defendant Cavalry violated O.C.G.A § 51-6-2 by willfully misrepresenting a material fact to Plaintiff Kehoe to induce him to act.

44.

Defendant Cavalry willfully misrepresented to Plaintiff Kehoe that any alleged obligation he may have owed to Defendant Cavalry was satisfied in full by his efforts in locating and securing Defendant Hunter's vehicle so Defendant Cavalry could repossess it.

45.

Defendant Cavalry's willful misrepresentation to Plaintiff Kehoe was a misrepresentation of a material fact.

46.

Plaintiff Kehoe relied on Defendant Cavalry's willful misrepresentation to his detriment, causing him injury.

47.

Defendant Cavalry knew that the misrepresentation was false at the time it was made to Plaintiff Kehoe.

48.

Pursuant to O.C.G.A § 51-12-2, Plaintiff Kehoe is entitled to any and all general and special damages which result from Defendant Cavalry's tortious conduct.

49.

Pursuant to O.C.G.A § 51-12-3, Plaintiff Kehoe is entitled to any and all direct and circumstantial damages which result from Defendant Cavalry's tortious conduct.

## COUNT VI
## VIOLATION OF O.C.G.A. § 10-1-33

50.

Plaintiff Kehoe incorporates Paragraphs 1 through 49 as if the same were fully expressed herein.

51.

Upon information and belief, Defendant Cavalry is the successor-in-interest or assignee of one or more previous loan or debt collection companies.

52.

Pursuant to O.C.G.A. § 10-1-33, Plaintiff Defendant Cavalry was required to give Plaintiff Kehoe notice of the assignment to Defendant Cavalry.

53.

Defendant Cavalry failed to give Plaintiff Kehoe any notice of the assignment.

54.

Pursuant to O.C.G.A. § 10-1-38, Plaintiff Kehoe is entitled to a minimum of $100.00 or double the time price differential and any delinquency charge, attorney's fees and court costs charged and paid for Defendant Cavalry's willful violation of O.C.G.A. § 10-1-33.

## COUNT VII
## PUNITIVE DAMAGES

55.

Plaintiff Kehoe incorporates Paragraphs 1 through 56 as if the same were fully expressed herein.

56.

O.C.G.A. § 51-12-5.1 provides for an award of punitive damages where the "actions showed willful misconduct, malice, fraud, wantonness, oppression, or that entire want of care which would raise the presumption of conscious indifference to consequences."

57.

Defendant Cavalry's actions in violation of State and Federal debt collection practices, its willful misrepresentations to Plaintiff Kehoe, its threatening and harassing behavior towards Plaintiff Kehoe and members of his family, and its fraud all constitute such willful misconduct, malice, fraud, wantonness and oppression which show a conscious indifference to the consequences of its actions.

58.

Defendant Cavalry's flagrant violations of State and Federal law, and its threatening and abusive behavior in this matter warrant the imposition of punitive damages to punish, penalize and deter Defendant Cavalry from engaging in such behavior in the future.

**WHEREFORE,** Plaintiff Kehoe demands the following relief:

1. That Defendant Cavalry be required to Answer this Complaint within the time allowed by law;

2. That Plaintiff Kehoe be granted a judgment for damages on all counts against Defendant Cavalry;

3. That Punitive Damages be assessed against Defendant Cavalry;

4. That Plaintiff Kehoe be afforded a jury trial on this matter;

5. That all attorney fees, expenses and costs be cast upon Defendant Cavalry; and

6. Such other and further relief as this Court deems just and proper.

This 12 day of January, 2010.

LoRusso Law Firm, P.C.

Lance J. LoRusso
Georgia Bar No. 458023
Rebecca L. Sample
Georgia Bar No. 311079
Attorneys for Joseph Kehoe

1827 Powers Ferry Road
Building 8, Suite 200
Atlanta, Georgia 30339
770-644-2378
770-644-2379 (f)